Granovsky & Sundaresh PLLC
Alexander Granovsky (AG-6962)
48 Wall Street
New York, NY 10005
ag@g-s-law.com
646-524-6001

Attorneys for Plaintiff, Ashley Bess

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____

| | |
|---|---|
| ASHLEY BESS | : |
| | : Civil Action No.: |
| Plaintiff | : |
| | : |
| v. | : **COMPLAINT** |
| | : **and JURY DEMAND** |
| DONALD J. PLINER OF FLORIDA, LLC, | : |
| | : |
| | : |
| Defendant. | : |
| | : |
| | : |

_____:

        Plaintiff Ashley Bess, by her attorneys, GRANOVSKY & SUNDARESH PLLC, as and

for her Complaint against Defendant DONALD J. PLINER OF FLORIDA, LLC, alleges as

follows:

## I.        NATURE OF THE CLAIMS

1.        This is an action for damages brought by Ashley Bess ("Bess" or "Plaintiff") against

Defendant Donald J. Pliner of Florida, LLC ("Pliner") pursuant to the Fair Labor Standards

("FLSA"), 29 U.S.C. §216(b), for: (a) unpaid wages from Defendant for work performed for

which she received no compensation at all; (b) unpaid wages from Defendant, for overtime work

for which she did not receive overtime premium pay as required by law, and (c) liquidated

damages pursuant to the FLSA, 29 U.S.C. §201 et seq.

2.      This action is also brought by Plaintiff asserting that she is entitled to wages from Defendant for work performed for which she received no compensation at all as well as for overtime work for which she did not receive overtime premium pay, as required by New York Labor Law, §650 *et seq*. including Part 142 § 142.2.2 ("Overtime Rate") of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act (Article 19 of the New York State Labor Law) ("NYLL").

## JURISDICTION AND VENUE

3.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343, 1367, 2201, and N.Y. Exec. L. § 290 *et seq*.  The supplemental jurisdiction of the Court (28 U.S.C. § 1367) is invoked over state law causes of action.

4.      Venue is proper in this district pursuant to 28 U.S.C. § 1391.

5.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

6.      All conditions precedent to maintaining this action have been fulfilled.

## THE PARTIES

7.      Plaintiff Ashley Bess is and was, at all relevant times an adult individual residing in New York City, New York.

8.      Upon information and belief, Defendant Pliner domestic business with its principal place of business at White Plains, New York.

9.      Upon information and belief, Defendant Pliner is a luxury men's and women's footwear and accessories business.

2

10.     At all relevant times, Pliner was and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a) and the NYLL.

11.     Upon information and belief, at all relevant times, Pliner had gross revenues in excess of $500,000.00.

12.     Upon information and belief, at all relevant times, Pliner has used goods produced in interstate commerce.

13.     Upon information and belief, Pliner constitutes an "enterprise" as defined by the FLSA.

14.     Defendant caused the violations set forth in this Complaint.

## STATEMENT OF FACTS

15.     Plaintiff was hired on or about April 8, 2016 to work in Defendant's New York City office.

16.     Although Plaintiff's title was "Associate Designer," her work was almost entirely clerical and/or custodial in nature.

17.     The vast majority of Plaintiff's working time consisted of clerical work such as answering and returning phone calls, scheduling, entering data on spreadsheets, organizing and responding to (non-substantive) emails, packaging shipments, breaking down boxes, picking up orders from local vendors (e.g. fabric swatches, magazines, etc.), and cleaning the office.

18.     Plaintiff's clerical and/or custodial work consumed at least ninety-five percent (95%) of her working time.

19.     Plaintiff's work was closely supervised and she was afforded no creative freedom or independent discretion in her work – the majority of which (e.g. answering calls, scheduling,

packaging Defendant's products and cleaning) required no creative freedom or discretion, as these were entirely ministerial in nature.

20.     Despite the clerical and custodial nature of Plaintiff's work, Defendant misclassified Plaintiff as an exempt employee and, accordingly, paid her no wages whatsoever for any hours worked beyond forty (40) in any given week.

21.     Plaintiff was paid a salary of $50,000 per year, which translates to an hourly rate of $24.04 per hour.

22.     Plaintiff should have been – but was not – paid at an overtime premium rate of $36.06 per overtime hour, but, as stated supra, Plaintiff received no compensation for hours worked over 40in a given week.

23.     Upon information and belief, Plaintiff was misclassified as an "exempt employee," for the financial benefit of Defendant, including avoiding their requirement to pay Plaintiff overtime as required by law.

24.     Defendant willfully failed to pay Plaintiff for hours worked beyond 40 hours in a workweek, in violation of the FLSA, the NYLL and regulations promulgated thereunder.

25.     Plaintiff's work was performed in the normal course of Defendant's business and was integrated into the business of Defendant, and did not involve executive or administrative responsibilities.

26.     At all relevant times herein, Plaintiff was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA, the NYLL and their respective implementing regulations.

27.     Plaintiff did not have the power to hire or fire employees or to set wages or schedules.

28.     Plaintiff regularly worked at least 51 hours per week throughout her tenure with Defendant.

29.     Defendant was aware of the fact that Plaintiff was working over 40 hours per week, and this fact is likely reflected in Defendant's swipe in / swipe out record and/or other documents reflecting time worked and the times of her e-mails and expense report submissions.

30.     Defendant terminated Plaintiff's employment on or about April 28, 2017.

**COUNT I**
**Fair Labor Standards Act**

31.     Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

32.     At all relevant times, Defendant employed Plaintiff within the meaning of the FLSA.

33.     At all relevant times, Defendant had a policy and practice of refusing to pay overtime compensation Plaintiff for hours worked in excess of forty hours per workweek.

34.     As a result of Defendant's willful failure to compensate Plaintiff  at a rate not less than one and one half times her regular rate of pay for work performed in excess of forty hours per workweek, Defendant has violated, and continues to violate, the FLSA, 29 U.S.C. §201 et seq., including 29 U.S.C. §§207(a)(1) and 215(a).

35.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a).

36.     Due to Defendant's FLSA violations, Plaintiff is entitled to recover from Defendant her unpaid overtime compensation, and an additional equal amount as liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. §216(b).

**COUNT II**

**New York Labor Law**

37.     Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

38.     At all relevant times, Plaintiff was employed by Defendant within the meaning of the New York Labor Law, §§2 and 651.

39.     Defendant willfully violated Plaintiff's rights by failing to pay overtime compensation at rates not less than one and one half times the regular rate of pay for each hour worked in excess of forty hours per workweek in violation of the New York Labor Law §§650 *et seq*. and its supporting regulations in 12 N.Y.C.R.R. §137.

40.     Defendant's failure to pay overtime was willful within the meaning of New York Labor Law §663 and supporting regulations.

41.     Due to Defendant's New York Labor Law violations, Plaintiff is entitled to recover from Defendant her unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law §663(1).

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

(a)     Enter a declaratory judgment that the acts and practices of Defendant complained of herein are in violation of the laws of the United States and the State of New York;

(b)     Enjoin and permanently restrain the Defendant's violations of the laws of the United States and the State of New York;

(c)     A compensatory award of unpaid compensation at the statutory overtime rate, due under the FLSA and New York Labor Law;

(d)      An award of liquidated damages as a result of Defendant's willful failure to pay overtime compensation pursuant to 29 U.S.C. §216 and New York Labor Law;

(e)      Judgment for interest (including pre-judgment interest);

(f)      Judgment awarding Plaintiff the costs of this action, together with reasonable attorneys' fees; and

(g)      Such other and further relief as to this Court appears necessary and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: New York, New York
           June 9, 2017

Respectfully Submitted,

GRANOVSKY & SUNDARESH PLLC

By:_____/s/Alex Granovsky_____
          Alexander Granovsky (AG-6962)
          48 Wall Street, 11th Floor
          New York, NY 10005
          Tel: (646) 524-6001
          ag@g-s-law.com
          *Counsel for Plaintiff*